UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE JACKSON-RANDOLPH,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

CIVIL ACTION NO. 07-10659-DT
Crim. No. 96-80932

DISTRICT JUDGE LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION
## TO DENY MOTION TO VACATE

### I. Introduction

On October 13, 2006, petitioner, an inmate in the custody of the Federal Bureau of Prisons, filed a motion for discharge from custody. She seeks to vacate her sentence pursuant to 28 U.S.C. §2255. Petitioner is represented by counsel and raises a claim under United States v. Booker, 543 U.S. 220 (2005). The government has responded alleging that the petition is time barred. By order dated January 24, 2007, the district court referred the matter pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a report and recommendation. For the reasons set forth below, the court recommends that the motion be **DENIED**.

**II. Background**

In January, 2000, petitioner was convicted of fraud, embezzlement, and money laundering. The Court of Appeals affirmed her conviction in February, 2002. As set forth in the opinion affirming petitioner's conviction and sentence,

> Jackson-Randolph was convicted on several counts of program and mail fraud, embezzlement, and money laundering. She was sentenced to 60 months in prison on counts 1 through 15, and 108 months on counts 16 through 63, and ordered to pay $13.5 million in restitution and a $10 million fine.

United States v. Jackson-Randolph, 282 F.3d 369, 375 (6th Cir. 2002)

The Sixth Circuit court affirmed the judgment of conviction and all aspects of the sentencing order, but remanded the case for further findings concerning the imposition of the $10 million fine. Id. at 390. (Mandate, May 14, 2002) The district court reduced petitioner's fine to $2 million after reconsideration on remand. Amended Judgment and Commitment Order, August 29, 2002, (D/E 187). Petitioner did not appeal from the Amended Judgment. Petitioner's appeal would have been timely only if filed at the latest by September 17, 2002. Three years later the Supreme Court decided the Booker case.

Petitioner now seeks relief from her sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that the sentence enhancement order by the Court was in violation of her Sixth Amendment rights under the United States Constitution. Petitioner also argues that she is entitled to relief from her sentence based upon the Supreme Court's holding in U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because the obstruction of justice issue was never presented to a jury. Consequently, petitioner argues that the Court improperly made

the determination using the preponderance of the evidence test instead of the proper standard of proof "beyond a reasonable doubt."

The Government claims that petitioner's motion is time-barred under the one year limitations period contained in § 2255. The government also argues that even if there were no time bar on § 2255 motions, <u>Booker</u> is not applicable to this case as it was decided long after the petitioner's appeal became final and is not retroactive.

## III. Discussion

### A. Standard of Review: 28 U.S.C. § 2255

Title 28 U.S.C. § 2255, provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion alleging a claim of constitutional error, the petitioner must demonstrate that an error of such magnitude occurred and that the error has a "substantial and injurious effect or influence on the proceedings." <u>Watson v. United States</u>, 165 F.3d 486, 488 (6th Cir. 1999). To prevail on a § 2255 motion alleging a claim of non-constitutional error, the petitioner must establish that the error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." <u>United States v. Ferguson</u>, 918 F.2d 627, 630 (6th Cir. 1990) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1968)).

### B. Timeliness of Motion

Section 2255 provides for a one year period of limitations. In the instant case, the limitation period runs from the latest of either the date on which the judgment of conviction became final (2255(1)), or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (2255(3)).[1] In Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit, referring to the first prong of the limitations provision, stated that "[t]he conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final for the purposes of 28 U.S.C. § 2255 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.'" Id. at 860 (quoting Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004)).

Here, on May 14, 2002, the Sixth Circuit affirmed petitioner's conviction and sentence except for the fine. On August 29, 2002, the district court amended the judgment and reduced petitioner's fine to $2 million after reconsideration on remand August 29, 2002. Applying the rule stated in Humphress and the time computation rules of Fed.R.Civ.P. 6(a), petitioner's conviction became final for § 2255 purposes on September 17, 2003.[2] That is, one year plus ten days after the entry of her amended sentencing judgment which petitioner did not directly

---

[1] The other measurements for the limitations period relate to the date on which an unconstitutional governmental impediment is removed §2255(2) and the date on which the facts supporting the claims could have been discovered through due diligence §2255(4). Those portions are not at issue here.

[2] As noted by the government, without the remand for further consideration of the fine amount, the period would have expired on August 12, 2002, or 90 days after the Court of Appeals' mandate issued May 14, 2002.

-4-

appeal. Clay v. United States, 537 U.S. 522, 527-28(2003); Sanchez-Castellano, 358 F.3d at 426-27 (6th Cir. 2004). Petitioner did not file the instant motion until October 13, 2006, almost three years after her time to file expired. The motion is time-barred under the limitations provisions of §2255(1).

Further, §2255(3) offers her no relief. Under that section, petitioner must file her motion one year from "the date on which the right asserted was initially recognized by the Supreme Court, *if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.*" (Emphasis added) In evaluating this third prong in Humphress, 398 F.3d at 855 (6th Cir. 2005), the Sixth Circuit held that the non-retroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting certain category of punishment for a class of defendants because of their status or offense.'" Beard v. Banks, 124 S.Ct. 2504, 2513, 159 L.Ed.2d 494 (2004) (quoting Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989)). The court emphasized the limited scope of the nonretroactivity rule stating that the rule was "clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty." Humphress, 398 F.3d at 862. That is not the case with Booker.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme court recognized the right to have mandatory sentencing guidelines factors proven to a jury beyond a reasonable doubt. It explicitly provided that the holding was to be applied "to all cases on direct review." Id. at 265. The Court did not extend Booker to petitions seeking post-conviction collateral review. Every federal court which has opined on the issue of retroactivity of Booker has refused to extend its holding to cases on collateral review. The Sixth Circuit's decision in Humphress v. United

States, 398 F.3d 855 (6th Cir. 2005), cert. denied, 126 S.Ct. 199 so holds, as do the Seventh and Eleventh circuit courts. See, McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005), cert. denied, 545 U.S. 1110; Varela v. United States, 400 F.3d 864 (11th Cir. 2005), cert. denied, 126 S.Ct. 312, as well as a plethora of district courts. (See, Government's Brief at 3 collecting cases). Since Booker is not retroactive, § 2255(3) does not provide petitioner with a later date to file and her action is time barred.[3]

### C. Substantive Analysis

Petitioner, a former lawyer who is age 67, claims that the court ordered a two point enhancement for obstruction of justice based on the government's allegation that she obstructed justice when she quit-claimed certain real property jointly with her husband. She does not appear to allege that she did not obstruct justice, only that a jury should have determined the same based on proof beyond a reasonable doubt. The court determined the factual basis underlying the obstruction of justice at the sentencing hearing. Petitioner has submitted only a portion of the sentencing transcript which does not include the factual basis for the court's findings. However, it does show that the court carefully considered the briefs and the arguments, and found that the government had established obstruction of justice by a preponderance of evidence. Petitioner makes no factual allegations nor does she point to any evidence in support of her conclusory claim that the facts were inaccurately determined. She fails to indicate any facts which were inconsistent with the court's findings or indicate any basis upon which a jury

---

[3]Even if the Booker case and (3) were applicable, the petition would still be time barred because it was filed more than one year after Booker was decided. The Supreme Court decided Booker on January 12, 2005, and petitioner did not file her claim until October 13, 2006, more than 21 months later.

would have not found obstruction of justice had she been given the chance to present them. At sentencing, petitioner was offered an opportunity to allocute. She stated: "I have nothing to say." Id. The court indicated that it had reviewed the three hundred letters that had been sent in on behalf of the defendant and had presided over the entire trial in this matter. With a full and complete understanding of the case, the court sentenced her to 108 months. There is no showing that such a sentence or any factual determination by the court was inaccurate or a miscarriage of justice.

Petitioner alleges that the two point enhancement increased the maximum guideline sentence to 108 months instead of 60 months. She contends that because she has served 73 months, she should be released from custody. However, the remedy she seeks is too broad. At most, if Booker were to have been decided before her case–which it was not–she would have had the right to have a jury determine the claim of obstruction of justice. Her remedy is not the right to have an automatic reduction of sentence and release from custody. As recently stated by this circuit in United States v. Madison, 226 Fed. Appx. 535, 547 (2007): "In fact, Booker explained that the remedy for the Sixth Amendment violation inherent in the guidelines sentencing scheme was not that all sentencing facts be found by a jury, but that sentencing courts apply the guidelines as advisory. United States v. Booker, 543 U.S. 220, 259-260 (2005)." Even if the court were to have done so, given its familiarity after trial and sentencing letters, it is far from certain that petitioner would be entitled to any reduction of her sentence. In any event, her petition fails and her case should be dismissed.

**IV. Conclusion**

For the reasons stated above, the court recommends that petitioner's motion be DENIED as time barred.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: August 28, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation To Deny Motion to Vacate was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 28, 2007.

                                               s/Jane Johnson
                                               Case Manager to
                                               Magistrate Judge Virginia M. Morgan